UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:20-cr-68-FtM-38NPM

COREY HOGSETT
_____

### **OPINION AND ORDER**[1]

Before the Court is Defendant Corey Hogsett's Appeal of United States Magistrate Judge's Denial of Motion for Essential Medical Testing (Doc. 33), and the Government's response in opposition (Doc. 38). For the below reasons, the Court denies the motion.

### BACKGROUND

Defendant faces a one-count indictment for passing a counterfeit $50 bill in violation of 18 U.S.C. § 472. (Doc. 1). While awaiting trial, Defendant moved the Court to order the United States Marshal (and its designee, the Charlotte County Jail) to test him for COVID-19 because a jail guard tested positive for the virus. (Doc. 30). He claimed not doing so violates his Fifth and Eighth Amendment rights. The United States Magistrate disagreed. He found that because "Defendant's request for a COVID-19 test d[id] not present a concern about access to counsel or the ability to prepare a defense," he had to file a civil suit "to prevent circumvention of the obligation to exhaust administrative remedies . . . and to ensure that the persons responsible for the custody

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

and care of the defendant are properly notified and brought before the court." (Doc. 31 at 1-2).  Defendant appeals that order.

## LEGAL STANDARD

Defendant's appeal is brought under Federal Rule of Criminal Procedure 58(g)(2). But Rule 58 governs petty offenses and other misdemeanors, neither of which apply here. *See* Fed. R. Crim. P. 58(a)(1) ("These rules apply in petty offense and other misdemeanor cases and on appeal to a district judge in a case tried by a magistrate judge, unless this rule provides otherwise.").  Because the Magistrate Judge's order does not resolve a claim or defense in this criminal case, the Court construes Defendant's appeal under Rule 59(a).  That rule allows a party to object to a magistrate judge's ruling on a non-dispositive matter.  Fed. R. Crim. P. 59(a).  The district court may "modify or set aside any part of the order that is contrary to law or clearly erroneous."  *Id.*

A finding is clearly erroneous if the district court is "left with the definite and firm conviction that a mistake has been made."  *See United States v. Pollock*, No., 3:11-cr-71, 2014 WL 5782778, at *1 (M.D. Fla. Nov. 6, 2014) (citing *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)).  The district court also reviews the magistrate judge's application of the law de novo, because "application of an improper legal standard . . . is never within a court's discretion."  *United States v. Doe No. 2*, No. 98-00721-CR, 2009 WL 10720338, at *3 (S.D. Fla. Oct. 23, 2009) (quoting *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts*, Inc., 299 F.3d 1242, 1246 (11th Cir. 2002)); *see also United States v. Maradiaga*, No. 19-CR-00653-JD-1, 2020 WL 2494578, at *1 (N.D. Cal. May 14, 2020) ("An order is contrary to

law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." (internal quotes and citations omitted)).

## DISCUSSION

After reviewing the entire record, parties' arguments, and applicable law, the Court finds that the Magistrate Judge correctly denied Defendant's motion. Defendant does not argue that his request for an COVID-19 test is a challenge to the conditions of his confinement. Nor does he contest that such a challenge is usually made through a civil suit. *See United States v. Darcy*, No. 1:17-CR-00036-MR-WCM, 2020 WL 2573251, at \*4 (W.D.N.C. May 21, 2020); *United States v. Luong*, No. CR 99-433WBSGGH, 2009 WL 2852111, at \*1 (E.D. Cal. Sept. 2, 2009) ("As several courts have recognized, the proper procedure to redress a defendant's grievances regarding treatment within a jail or prison is to file a civil suit against the relevant parties pursuant to 42 U.S.C. § 1983, rather than a motion in his criminal case." (citations omitted). Instead, he argues his motion falls into narrow exceptions that make his claims cognizable in the criminal context: (1) not getting a COVID-19 test denies him assistance of counsel; and (2) the result of an COVID-19 test may lead to release on bail or a lower sentence. *See, e.g.*, *United States v. Andrews*, No. 1:12-CR-100, 2014 WL 1379683, at \*3 (N.D.W. Va. Apr. 8, 2014) ("Some federal courts have entertained motions, filed in criminal cases, regarding conditions of confinement when those conditions have affected a defendant's Sixth Amendment right to counsel or right to access the courts."). But these arguments are new to the case. He raised neither before the Magistrate Judge. His original motion focused only on why due process required an COVID-19 test. Because Defendant raises new arguments for the

first time on appeal, the Court is hard-pressed to find the Magistrate Judge's order to be contrary to law or clearly erroneous.

Even entertaining Defendant's arguments, the Court stands behind the Magistrate Judge's Order for many reasons. First, Defendant's request for medical testing should be addressed in a civil proceeding. The only parties to this criminal case are the Government and Defendant. Claims of inadequate medical treatment about Defendant's conditions of confinement involve the Marshal and Sheriff of Charlotte County who are responsible for Defendant's custody and care. Entertaining Defendant's motion here does not properly apprise them or allow them to defend the claim. *See, e.g., United States v. Andrews*, No. 1:12-CR-100, 2014 WL 1379683, at *3 (N.D.W. Va. Apr. 8, 2014)

Second, Defendant does not assert an inability to confer with his attorney telephonically or by video to prepare for trial. Nor does he contend that doing so will (or has) undermine his ability to prepare his defense or build a relationship with his attorney. All Defendant says is that *if* there are live court proceedings, he must be able to closely confer with his counsel. But Defendant's argument is speculative. The Court is conducting virtual proceedings (including sentencings) for the near future, and it is satisfied that video conference and telephone connectivity allow Defendant access to counsel as needed before and during any proceeding.

Third, and perhaps most notably, Defendant has never alleged that he is suffering any symptoms of COVID-19. So, it is unclear why a test, whatever its results might prove, relates to this Court's decision to release or sentence him. What is more, other than a guard testing positive for the virus, Defendant has not established his exposure to the disease. He no more knows that he has been exposed to the virus than any other illness.

4

The Charlotte County Jail also has procedures in place, like medical isolation and treatment, should Defendant contract, or manifest symptoms of COVID-19.

Fourth, Defendant contends that COVID-19 constitutes "exceptional circumstances" to avoid a separate civil suit. Not so. The cases that Defendant relies on are neither instructive nor persuasive. (Doc. 41 (citing *United States v. Daprano*, No. CR 04- 2040 JB (D.N.M., Aug. 24, 2007); *United States v. Wallen*, 177 F. Supp. 2d 455, 458-59 (D.Md. 2001)). Both are out-of-circuit district court decisions from the early and mid-2000s that provide no authority for why the courts intervened in medical decisions of the jails.

Finally, the Court need not decide whether Defendant has exhausted his administrative remedies at this time. That inquiry goes hand-in-hand with the Prisoner Litigation Reform Act, which governs civil cases on conditions of confinement. *See* 42 U.S.C. § 1997e. If Defendant elects to bring a civil suit, the exhaustion of administrative remedies can be addressed then.

Accordingly, it is

**ORDERED:**

Defendant Corey Hogsett's Appeal of United States Magistrate Judge's Denial of Motion for Essential Medical Testing (Doc. 35) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 26th day of June 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record